## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| NICOLE R. ROSEL, | Civil Action No. 1:14CV ___ |
| Plaintiff, | Hon. |
| v. | |
| MIDLAND FUNDING, LLC, | **COMPLAINT** <br> **JURY TRIAL DEMANDED** |
| Defendant. | |

Roger G. Cotner, Esq. (P36539)
COTNER LAW OFFICES
Attorney for Plaintiff
PO Box 838
Grand Haven, MI 49417
616-846-7153
roger@cotnerlaw.us

_____/

### Jurisdiction and Venue

1. This Court has jurisdiction under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692k(d); and 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction regarding Plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because Defendant transacts business here, the pertinent events took place here, and Plaintiff resides here.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); and the Michigan

1

Collection Practices Act ("MCPA"), M.C.L. § 445.251 *et seq.*

## Parties

3. Plaintiff Nicole R. Rosel is a natural person who resides in the City of Coopersville, County of Ottawa, State of Michigan, and is a "consumer" and "person" as that term is defined by 15 U.S.C. § 1692a(3).  Ms. Rosel is a "consumer," "debtor" and "person" as the terms are defined and used in the MCPA.

4. Defendant Midland Funding ("Midland"), is a Delaware limited liability company, with its principal place of business at 8875 Aero Drive, Suite 200, San Diego, California 92123.  The registered agent for Midland in Michigan is CSC - Lawyers Incorporating Service Company, 601 Abbot Road, East Lansing, Michigan 48823.  Midland is engaged in the business of purchasing and collecting defaulted and charged off consumer debts. Midland uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.  Midland regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  Midland is a "regulated person" as the term is defined and used in the MCPA.; and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

5. Ms. Rosel opened an consumer credit card account with Spiegel in or around 2000.

6. Spiegel offered Ms. Rosel the opportunity to continue with her credit card account under a new servicing arrangement through FCNB-Newport News ("FCNB") in or about 2006; or to pay off her $343 credit card debt owed to Spiegel.  Ms. Rosel

2

chose to pay this debt in full and did so in or about 2006.  Ms. Rosel incurred no additional debt with Speigel or FCNB since 2006.

      7.  Upon information and belief, Midland purchased or otherwise acquired rights to collect consumer debts previously owed to Spiegel, FCNB, and others in or about 2007.

      8.  Midland began calling and corresponding with Ms. Rosel in or about 2007.  During each of these numerous telephone calls, Ms. Rosel stated that she had paid the account in full, and requested validation of the debt.  Notwithstanding Ms. Rosel's assertion of her full payment, Midland continued to call Ms. Rosel 4-5 times per day, on her cell phone and at her place of employment.  During these telephone calls, Midland threatened to ruin her credit, file lawsuits, garnish her wages, contact her employer, and otherwise harassed Ms. Rosel.

      9.  Ms. Rosel specifically told Midland not to call her during working hours and, at some point, asked that telephone communication with her be stopped completely.

      10.  Nevertheless, Midland continued to call Ms. Rosel's cell phone and place of employment.

      11.  Midland never provided Ms. Rosel with the requested validation of the alleged debt.

      12.  Out of utter and complete frustration and in hopes of stopping the incessant telephone calls, Ms. Rosel promised to pay Midland if Midland would stop its incessant harassing calls to her.  Midland agreed to stop the calls and Ms. Rosel made five $50 payments until she developed medical complications.  She stopped making her payments in December 2007.

13. Ms. Rosel heard nothing more from Midland until she received a summons and complaint issued by 58th District Court in Hudsonville, Michigan.

14. On or about February 13, 2014, Midland filed a collection action against Ms. Rosel in 58th District Court in Hudsonville, Michigan. The complaint alleged that Ms. Rosel owed Midland $765.91 plus "post-filing interest, costs, and any sundry costs, and/or attorney fees allowable by statute or court rule."

15. A stale affidavit dated November 18, 2013, made by Kassy Schlichting, an emloyee for Midland Credit Management, Inc. ("MCM"), was attached to the complaint. Ms. Schlichting swore that she was familiar with Midland's account records; that Midland owned certain indebtedness owed by Ms. Rosel to FCNB; and that MCM's records show that the indebtedness due as of November 11, 2013, was $756.91.

16. Midland caused a summons and complaint to be served upon Ms. Rosel sometime before March 28, 2014.

17. Ms. Rosel filed an answer to the complaint in 58th District Court on or about March 28, 2014. Ms. Rosel denied liability for the debt, alleged that she had paid the debt in full; and alleged that Midland had refused her requests to validate the debt.

18. On or about June 18, 2014, Midland filed a motion for summary disposition in the state court collection case. Ms. Rosel responded to that motion. The Court set the hearing on this motion for July 14, 2014.

19. The Court scheduled a pre-trial conference for June 23, 2014; and trial for August 8, 2014.

20. Ms. Rosel attended the pre-trial hearing. Midland sent Richard Lobbes, an appearance attorney to the hearing. Ms. Rosel informed Mr. Lobbes that she believed

the applicable statute of limitations for colecting this alleged debt had expired long ago. Mr. Lobbes contacted Midland's attorney of record and was told that Midland had evidence of a payment Ms. Rosel allegedly made in 2011.  Midland never provided Ms. Rosel with evidence of that payment and, upon information and belief, no such payment was made.

21.  At the hearing on Midland's motion for summary disposition, the Court took judicial notice of Michigan's statute of limitations and the age of the alleged debt and dismissed the collection case against Ms. Rosel, with prejudice.

22.  As a result of Midland's abusive collection actions, Ms. Rosel has sustained severe and permanent injuries that include, but are not limited to, stress, stomaches, headaches, chronic sleeplessness; extreme anxiety and emotional distress; monetary losses in the form of her costs and time associated with her preparing for and attending several state court hearings; and other injuries.

**Summary**

23.  All of the above-described collection actions Midland took against Ms. Rosel violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g, amongst others.

24.  The above-detailed conduct by Midland of harassing Ms. Rosel in an effort to collect a debt she paid in full more than eight years ago and is otherwise barred by the applicable statute of limitations which cannot be collected using the methods threatened by Midland; were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the

FDCPA.

25. The above-detailed conduct by Midland of harassing Ms. Rosel in an effort to collect a debt she paid in full 8 years earlier, and collection of said debt, if any, is clearly barred by the applicable statute of limitations; and cannot be collected using the methods threatened and used by Midland; were violations of numerous and multiple provisions of the MCPA, including but not limited to all of the above mentioned provisions of the MCPA.

26. This series of abusive collection efforts by Midland has extremely distressed Ms. Rosel.

27. This series of abusive collection contacts by Midland caused Ms. Rosel to lose sleep, cry, and caused physical illness including stomachaches, headaches, extreme stress and anxiety and other emotional distress.

28. Ms. Rosel has suffered actual damages as a result of these illegal collection communications and efforts by Midland in the form of her time and expenses to prepare for and attend hearings; meetings with legal professionals to prepare for the state court collection case; firend's expenses in efforts to counsel and calm Ms. Rosel; anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions; and attorney fees.

## Trial by Jury

29. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## Causes of Action

### Count I.
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692 *et seq.*

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. In enacting Fair Debt Collection Practices Act, Congress made a specific finding as follows:

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

15 U.S.C. § 1692(a).

32. The foregoing acts and omissions of Midland constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Ms. Rosel.

33. As a result of each and every Midland's violations of the FDCPA, Ms. Rosel is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Midland.

34. Midland's conduct as alleged above was willful, oppressive, fraudulent, malicious, and done in reckless disregard of Ms. Rosel's rights, thereby warranting the imposition of punitive damages.

## Count II.
## Violations of the Michigan Collections Practices Act

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.  Defendant Midland and its employees/agents are "regulated persons" as defined by MCL §445.251(g)(xi) in the Michigan Collections Practices Act ("MCPA") MCL 445.251, *et seq*.

37.  Ms. Rosel is a person whom the act was intended protect, MCL 445.251(d).

38. Midland's foregoing acts in attempting to collect this debt against Ms. Rosel constitute violations of the Michigan Collections Practices Act.

39. Plaintiff has suffered damages as a result of these willful violations of the Michigan Collections Practices Act.

40. These violations of the Michigan Collections Practices Act were willful.

## Prayer for Relief

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

## Count I.
## Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. § 1692 *et seq.*

• for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant and for the Plaintiff;

• for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for the Plaintiff;

- for an award of punitive damages in an amount to be determined by the Court sufficient to deter the Defendants from future violations of the Fair Debt Collection Practices against Defendant and for the Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for each Plaintiff; and

- for such other and further relief as may be just and proper.

## Count II.
## Violations of the Michigan Collections Practices Act

- for an award of actual damages pursuant to MCL §445.257(2);

- for an award of treble actual damages pursuant to MCL §445.257(2);

- for an award of costs of litigation and reasonable attorney's fees pursuant to MCL §445.257(2) against Defendant and for each Plaintiff; and

- for such other and further relief as may be just and proper.

                     Respectfully submitted,

Date: October 23, 2014          /s/ Roger G. Cotner
                     Roger G. Cotner (P36569)
                     Attorney for Plaintiff
                     COTNER LAW OFFICES
                     220 Franklin Avenue
                     P.O. Box 838
                     Grand Haven, MI  49417
                     616-846-7153
                     roger@cotnerlaw.us